## WILLIAM. ROE v. THE STATE.

1. Where a request to charge the jury embodies a correct statement of law, is applicable to the case, is fairly raised by the testimony, and is material, the court should charge upon it distinctly.

2. It is not sufficient for the court, in response to several distinct requests by defendant's counsel to charge upon several propositions of law, to say that the jury must take the law as the counsel for defendant had read it in his address; but the court should charge on each request, either in its own language or by reading the extract relating thereto, which counsel had quoted, and instructing the jury that such is or is not the law.

3. There should be an answer to each request that states a proposition of law fairly arising out of the case.

In error to the Burlington Quarter Sessions.

Argued at November Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, DIXON and PARKER.

For the plaintiff in error, *M. R. Sooy* and *J. H. Gaskill.*

For the state, *C. E. Hendrickson.*

The opinion of the court was delivered by

PARKER, J. The indictment in this case charges the defendant with wilfully and maliciously burning the barn and other farm buildings of Isaac B. Stille, in the township of New Hanover, in the county of Burlington. The trial was had before the Court of General Quarter Sessions of the Peace of that county.

At the trial, counsel of defendant requested the court to charge the jury on several propositions of law stated fully in the requests. Some of these propositions related to the questions of reasonable doubt and burthen of proof, others to the necessity of proving the *corpus delicti* independent of proof of circumstances criminating the accused, and still others to the nature and cogency of circumstantial evidence.

At first the court declined to charge, but upon a moment's reflection the presiding judge said that the jury must take the law as read by counsel of defendant during his argument.

Counsel of defendant excepted to the refusal of the court to charge as requested, and also to the charge as delivered. The assignment of errors covers all the exceptions.

From the case submitted, it appears that counsel of defendant, during his address to the jury, read to the court extracts from several books on criminal law covering part of the propositions on which the court was requested to charge.

Each of the requests to charge embodied a correct statement of the law; each was applicable to the case, and each afforded a presumption in the prisoner's favor. The defendant was entitled to have the court charge on these requests. The points were fairly raised by the testimony in the case and were material and pertinent to the issue.

It is contended on part of the state that when the court said that the jury must take the law as read by counsel of defendant in his argument, it was a good answer to the requests. We do not concur in that view. Even if the extracts which the counsel read in his address had embraced all the legal propositions contained in the requests, the charge was not such as the law contemplates.

Considerable time had elapsed since the extracts from the books had been read by the counsel. Although the reading was in their presence, the extracts were not read to the jury nor for their benefit, but were cited for the information of the court. At the time they were so cited the jury were not obliged to heed them nor fix them in memory. Their duty was to take the law as given them in charge and stated by the court.

The quotations from the law books by counsel were numerous and on various points arising in the case. If the court determined that the law was correctly stated in the extracts, it should have been so charged explicitly upon the several points in the language of the court, or by reading to the jury

such extracts as covered the respective requests, and stating to them that such was the law.

One of the most important duties of the court is to declare the law applicable to a case to the jury when requested so to do. This should be done in such a way as not to leave room for misapprehension or mistake. To say to a jury, "You are to take the law as read from books in the address of counsel," made perhaps hours before the charge of the court, is calculated to produce confusion in the minds of jurors instead of giving light.

The extracts which the counsel read did not cover the law embraced in all the requests. One of these related to the legal effect of proof of good character and another to the nature and cogency of circumstantial evidence in a case purely circumstantial. The defendant had the legal right to a distinct charge on each request.

Upon the subject of charge to the jury and the duty of the court in that regard, the following cases in the reports of this state apply: *Pullen* v. *Bonney*, 1 *South.* 125; *Broadwell* v. *Nixon*, 1 *South.* 362, 414; *Mills* v. *Sleight*, 2 *South.* 565, 651; *Todd* v. *Collins*, 1 *Halst.* 127; *Westcott* v. *Danzenbaker*, 1 *Halst.* 132; *Davison* v. *Schooley*, 5 *Halst.* 145; *Den* v. *Wintermute*, 1 *Green* 177; *Marshall* v. *Hann*, 2 *Harr.* 425; *Allen* v. *Wanamaker*, 2 *Vroom* 370; *Talmage* v. *Davenport*, 2 *Vroom* 561; *Drake* v. *Mount*, 4 *Vroom* 441; *Scott* v. *Mitchell*, 12 *Vroom* 346.

The judgment is reversed.